UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAKARAI HILL,<br><br>Plaintiff,<br><br>v.<br><br>AEROTEK, INC., et al.,<br><br>Defendants. | Case No. 25-cv-12135<br><br>Honorable Robert J. White |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY STIPULATED AND AGREED by the parties, Plaintiff Dakarai Hill ("Plaintiff") and Defendants Aerotek, Inc. and General Motors LLC (collectively, "Defendants"), by and through their respective undersigned counsel, that:

1. Each of the parties to this action upon whom or which a discovery request, including a subpoena duces tecum, has been or shall be served by any party to this action, may designate as "confidential" any documents, hereafter produced, when such materials refer or relate to, or would otherwise disclose, information of a personal, proprietary, or confidential business nature. No material shall be designated as "confidential" that has not been treated as confidential by the party making the designation.

2. Any materials designated by a party producing them as "confidential" shall be conspicuously marked with the following legend: "CONFIDENTIAL."

3. Material designated "confidential" shall be used or disclosed solely for the prosecution or defense of this action, including any appeals.

4. Except with the designating party's prior written consent or prior court order, material designated as "confidential" may only be disclosed to the following persons:

a. The parties, including their employees, agents, and representatives;

b. Counsel for the parties and their employees and agents;

c. Court reporters, recorders, and videographers engaged or retained in connection with depositions in this litigation;

d. Court personnel, including special masters and members of the jury;

e. Any mediator appointed by the court or jointly selected by the parties;

f. An expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

g. Any potential, anticipated, or actual fact witness and their counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in

testifying, and only after such persons have completed the certification contained in Attachment A;

h. Any potential, anticipated, or actual fact witness and their counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

i. The author or recipient of the document (not including a person who received the document in the course of the litigation);

j. Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

k. Other persons only upon consent of the producing party and on such conditions as the parties may agree.

The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as "confidential."

5. The inadvertent failure of a party producing material to designate as "confidential" any document or other material referred to in Paragraph 1 shall not constitute, be construed as, or have the effect of, a waiver of confidentiality. Each party reserves the right to designate as "confidential" any document it previously

produced so that the document is treated with full confidentiality dating back to when it was first produced and throughout the remainder of this matter, subject to the terms and conditions set forth in this Order.

6. Nothing in this Order shall require production of information which the parties or any non-party contend is protected from disclosure by the attorney-client privilege or work product immunity. In addition, the inadvertent disclosure or production by any party of any document protected by the attorney-client or other privilege or by the attorney work product doctrine shall not constitute, be construed as, or have the effect of a waiver of such privilege or protection. If a party has inadvertently produced to the other party information subject to a claim of privilege or immunity, the other party, upon request, shall promptly return the information for which a claim of inadvertent production is made. The party returning such information may then move the Court for an order compelling production of such information, but said party shall not assert that inadvertent production constitutes a waiver.

7. If any material designated as "confidential" or the contents thereof is inadvertently disclosed to any person not authorized to have access thereto, the party responsible for the inadvertent disclosure shall notify in writing the party that produced the material. Such notice shall be sent no later than ten (10) days after the inadvertent disclosure is discovered, and shall identify by name, address, telephone

number, and employer, each unauthorized person or entity to whom disclosure was made, the date of such disclosure, and the surrounding circumstances.

8. Confidential material marked as an exhibit in a deposition or other discovery document remains confidential and may not be disclosed by the receiving party except in accordance with this Order.

9. If a party designates portions of a deposition taken in this case to be "confidential," then the transcript of that portion of the deposition may be used by the other parties only for purposes of this lawsuit, and such transcript portion, and the information contained therein, shall be treated by the other parties as confidential pursuant to this Order.

10. Materials designated as "confidential" may be used at trial to the extent they are admissible. A receiving party intending to use material designated by the other party as "confidential" at trial shall notify the producing party of that intention prior to the receiving party attempting to introduce such material at trial. Any concern regarding the use of such materials at trial shall be raised by the party seeking protection prior to its admission.

11. If a party believes that information designated by another party as "confidential" should not be treated as confidential pursuant to this Protective Order, that party may contest the "confidential" designation for such document(s) by providing counsel for the designating party with written notice as to the specific

information being challenged, together with a copy of each document containing such information. In the event the parties cannot resolve the disagreement, the contesting party may move for an order removing the "confidential" designation from such document(s). Any information that is subject to a dispute and/or motion as to whether it in fact contains confidential information shall, until further order of the court, be treated as confidential in accordance with the provisions of this Order.

12. At the conclusion of this action, including the exhaustion of all appeals, a party receiving any materials designated as "confidential" shall return or destroy the documents and so advise the producing party of such destruction.

13. The confidential material may also be disclosed to the Court as necessary, including but not limited to pleadings filed with the Court, exhibits filed with the Court, and at proceedings before the Court; in those events, however, the confidential materials may be subject to seal by the Court.

14. This Order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion that sets forth: (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that methods other than sealing are unavailable or unsatisfactory to preserve the interest advanced by

the movant in support of the seal; and (v) a memorandum of legal authority supporting the seal. *See* Local Rule 5.3. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

15. Whenever a motion to seal is filed, the movant shall submit a proposed order that states the particular reason the seal is required. The proposed order shall be submitted to the judge to whom the case is assigned or to the magistrate judge to whom the matter is referred, via the link located under the "Utilities" section of CM/ECF. If a motion to seal is granted, the documents to be filed under seal shall be filed electronically by the movant.

16. The agreement by the parties as described herein to maintain materials designated as "confidential" shall be effective when signed by counsel for all the parties to this litigation.

17. This Order may be modified by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

18. Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen

the case for the limited purpose of enforcing or modifying the provisions of this Order.

19. This Order is entered based on the parties' representations and agreements for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as "confidential" by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

20. This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

21. If additional persons or entities become parties to this lawsuit, they must not be given access to any information marked "confidential" until they execute and file their written agreement to be bound by the provisions of this Order.

22. The parties agree to extend the provisions of this Protective Order to confidential information produced in this case by third parties, if timely requested by the third party.

23. A receiving party that is served with a subpoena or an order issued in other litigation that would compel disclosure of confidential information must so notify the designating party, in writing, immediately and in no event more than three

business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

24. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its confidential information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its confidential information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations in this paragraph remain in effect while the party has confidential information in its possession, custody, or control.

**SO ORDERED.**

Dated: November 17, 2026

s/Robert J. White
Robert J. White
United States District Judge

Stipulated as to form, content, and for immediate entry:

Dated: November 13, 2026

*/s/ Carla D. Aikens (w/ consent)*

Carla D. Aikens (P69530)
CARLA D. AIKENS, PLC
*Attorneys for Plaintiff*
615 Griswold St., Ste. 709
Detroit, MI 48226
TEL: (844) 335-2993
carla@aikenslawfirm.com

*/s/ Sara Fevurly (w/ consent)*

Sara Fevurly (Mo Bar No. 69076)
William E. Corum (Mo Bar No. 43154)
Thomas Jon Cedoz (P82094)
HUSCH BLACKWELL LLP
*Attorneys for Defendant Aerotek, Inc.*
4801 Main Street # 1000
Kansas City, MO 64112
TEL: (816) 983-8262
sara.fevurly@huschblackwell.com
william.corum@huschblackwell.com
tom.cedoz@huschblackwell.com

*/s/ Emilie K. Vassar*

Daniel L. Villaire (P60132)
Emilie K. Vassar (P84397)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC
*Attorneys for Defendant*
*General Motors LLC*
34977 Woodward Avenue, Suite 300
Birmingham, Michigan 48009
TEL: (248) 593-6400
daniel.villaire@ogletree.com
emilie.vassar@ogletree.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAKARAI HILL,

Plaintiff,

v.

AEROTEK, INC., and GENERAL MOTORS LLC,

Defendants.

Case No. 2:25-cv-12135

Hon. Judge Robert J. White
Magistrate Judge David R. Grand

---

Carla D. Aikens (P69530)
CARLA D. AIKENS, PLC
*Attorneys for Plaintiff*
615 Griswold St., Ste. 709
Detroit, MI 48226
TEL: (844) 335-2993
carla@aikenslawfirm.com

Sara Fevurly (Mo Bar No. 69076)
William E. Corum (Mo Bar No. 43154)
Thomas Jon Cedoz (P82094)
HUSCH BLACKWELL LLP
*Attorneys for Defendant Aerotek, Inc.*
4801 Main Street # 1000
Kansas City, MO 64112
TEL: (816) 983-8262
sara.fevurly@huschblackwell.com
william.corum@huschblackwell.com
tom.cedoz@huschblackwell.com

Daniel L. Villaire (P60132)
Emilie K. Vassar (P84397)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PLLC
*Attorneys for Defendant General Motors LLC*
34977 Woodward Avenue, Suite 300
Birmingham, Michigan 48009
TEL: (248) 593-6400
daniel.villaire@ogletree.com
emilie.vassar@ogletree.com

---

**ATTACHMENT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges having read the Protective Order attached hereto in the above-referenced case, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Michigan in matters relating to this Protective Order and understands that its terms obligate the undersigned to use materials designated as confidential information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: ________________________________________

Job Title: ________________________________________

Employer: ________________________________________

Business Address: ________________________________________

Date: ______________ ________________________________________
Signature